Cheshire,  }
June 30, 1917. }

### MARY L. LESLIE, *Adm'x, v.* KEENE.

CASE, for causing the death of the plaintiff's intestate. Trial by jury and nonsuit ordered. At the time the accident happened, the intestate, who was less than four years old, was being drawn, on or near the east line of Damon court toward Beaver street, in a go-cart by a boy of five, and just before they reached that street the boy turned so sharply to the right that the cart tipped over on one wheel and threw the intestate out. Later, his body was found in Beaver brook. There is no sidewalk on the east side of the court but those who have occasion to use that side of the street travel in a well defined path very near the east line of the court. Beaver brook is thirteen feet east of this path. The bank of the brook is a little more than two feet lower than the path, and the slope is regular. Transferred by *Chamberlin*, J., from the April term, 1916, of the superior court, on the plaintiff's exception to the order of nonsuit.

*Benton & Pickard* (by brief and orally), for the plaintiff.

*William H. Watson* and *John E. Allen* (*Mr. Watson* orally), for the defendants.

YOUNG, J. The plaintiff's exception must be overruled unless it can be found that the intestate was traveling on a dangerous embankment within the meaning of Laws 1893, c. 59, s. 1, at the time the accident happened, *Wilder* v. *Concord*, 72 N. H. 259, 263; and while it is true as the plaintiff contends that the question of whether an embankment is dangerous within the meaning of this section is for the jury, it is also true that whether there is any evidence from which that can be found is a question for the court and all fair-minded men must agree that, in so far as persons traveling on foot are concerned, a regular slope of one foot in six is not in and of itself a dangerous embankment within the meaning of that section. If it is true, as the plaintiff contends, that there should be a railing on the east side of Damon court at the place where the accident happened for the protection of those traveling on Beaver street, it comes to nothing in so far as the questions we are considering are concerned, for the intestate was traveling on Damon court—not

Beaver street—at the time the accident happened.   Laws 1893, c. 59, s. 1.   If, therefore, there is a dangerous embankment on the east side of Damon court at and near its intersection with Beaver street it is because of the nearness of the brook to the path in which those who have occasion to use that side of the court travel.   In other words, it is because the path is so near the brook that the defendants ought to have anticipated that those having occasion to use the path might fall, slip or be thrown from it into the brook; for the purpose of a railing is to enable travelers to use the highway in safety,—not to prevent them from leaving it voluntarily. *Robertson* v. *Hillsborough, ante,* 603.   It is obvious that when the ground is free from ice and snow it is a physical impossibility for one using this path to slip or fall from it into the brook.   While it may be possible for a traveler to be thrown from it into the brook, no reasonable man would anticipate that that was likely to happen, for the brook is thirteen feet from the path, the slope regular and the fall but one foot in six.   One difficulty with the plaintiff's contention that this is what happened in this case is that there is no evidence to sustain it.   The evidence relevant to how the accident happened is that the boy who drew the cart was but five years old and, while it shows that he was running, it also shows that he was not running very fast when he turned to the right.   In other words, it shows that he was running just as you would expect a boy of five, who was drawing a cart, would run, and that the intestate simply fell from the cart when it tipped up on one wheel.   There is no evidence that even tends to the conclusion that he was thrown violently from the cart and when we consider the distance of the brook from the path and the character of the land between, it is clear that he was not thrown into the brook from the path.   In short, if it is assumed that  boy was in the path when he turned to the right it cannot be  und that the intestate was thrown from the cart into the br  k, for while the evidence will warrant either a finding that the cart was in the path when the boy turned to the right or a finding that the intestate was thrown from the cart into the brook, it will not warrant both of these findings and the plaintiff cannot recover unless he shows that the intestate was traveling along this path when the boy turned to the right and that no part of his journey from the path to the brook was voluntary.

*Exception overruled.*

All concurred.